IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD CLAUDE WESTERMAN § | |
| § | |
| V. § | A-12-CA-396-LY |
| § | |
| OLIVER J. BELL, IVY ANDERSON, § | |
| LARRY GIST, AMAND GAGE,[1] § | |
| and BARBARA GRIEGO § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was on parole or mandatory supervision and was residing in the Luling Care Center in Luling, Texas. Plaintiff claims he is on house arrest and is not allowed to exit the facility. Plaintiff further claims his parole fees have been increased even though the parole officials know Plaintiff receives no income.

---

[1] The Court presumes Plaintiff is suing Amanda Gage. However, the style of the case reflects the original style provided by Plaintiff.

Plaintiff explains he was sentenced to 25 years in prison on June 3, 1982. According to Plaintiff, he was confined in prison for a total of 22 years during the time period June 3, 1982 until September 18, 2009. The remainder of time during this time period Plaintiff was either on parole or mandatory supervision or confined in an Intermediate Sanctions Facility ("ISF") or county jail for parole violations. Plaintiff indicates during his parole or mandatory supervision he had 17 warrants issued for technical violations. For each warrant Plaintiff claims he was locked up a minimum of 30 days, presumably in a county jail. Plaintiff also claims he was sent to an ISF for 180 days on nine separate occasions. Plaintiff complains he has not been given credit towards his 25-year sentence for the time he spent in an ISF or county jail. Plaintiff believes he has served 27½ years in confinement on a 25-year sentence. Plaintiff sues Oliver J. Bell, Chairman of the Texas Board of Criminal Justice; Ivy Anderson, Region I Director of the Parole Division; Larry Gist, Member of the Texas Board of Criminal Justice; Amanda Gage, Supervisor DPO Austin, and Barbara Griego, Parole Officer. He requests the Court to order his release from parole with no fees.

Because Plaintiff seeks his immediate release from parole or mandatory supervision, the Court ordered Plaintiff to show cause why his action should not be considered as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed the Clerk to forward forms to Plaintiff for filing an application pursuant to 28 U.S.C. § 2254 and instructed Plaintiff to complete the forms and return them to the Court if he wished to proceed in an application for habeas corpus relief. Plaintiff returned the habeas corpus application to the Court on May 14, 2012, but indicated he wished to proceed in both a civil rights complaint and in an application for habeas corpus relief. A new case has been opened for Plaintiff's application for habeas corpus relief in Cause No. A-12-CV-435-LY.

Only Plaintiff's civil rights complaint is addressed in this Report and Recommendation. However, in his application for habeas corpus relief Plaintiff requests monetary damages for the excess time he has served on his sentence. Because a request for monetary damages is not an appropriate request for relief in a habeas application, the Court will presume Plaintiff is seeking monetary relief in his civil rights case.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed

against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages against Defendants in their individual capacities for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

D.  Absolute Immunity

Defendants Gage and Griego are also protected from Plaintiff's claims brought against them in their individual capacities for monetary damages by the doctrine of absolute immunity. See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. Id.

E.  Habeas Claims

To the extent Plaintiff seeks his immediate release from parole or mandatory supervision, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490, 93 S. Ct. 1836-37 (1973). The Court should not construe this action as a request for habeas corpus relief, as Plaintiff already has an application for habeas corpus relief pending in this Court.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking monetary relief be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) and Plaintiff's claims seeking habeas corpus relief be dismissed without prejudice to their being considered in Plaintiff's pending application for habeas corpus relief.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE